IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOWERS & SONS CONCRETE | ) |
| CONSTRUCTION; | ) |
| VERNON O. SOWERS, and | ) |
| CINDY J. SOWERS, a/k/a | ) |
| CINDY J. BLAHUT, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to compel Sowers and Sons Concrete Construction and its owners and operators, Vernon O. Sowers and Cindy J. Sowers also known as Cindy J. Blahut, to timely collect and pay over to the Internal Revenue Service the former corporation's accruing federal employment tax liabilities and to enjoin them from further violating and interfering with the administration of the internal revenue laws.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

2. Venue is proper in this judicial district under 28 U.SC. §§ 1391 and 1396 because all of the defendants have their principal office or reside in Washington County, Maryland.

**Parties**

3. The plaintiff is the United States of America.

4. Defendant Sowers and Sons Concrete Construction ("Sowers Concrete"), is a concrete construction business that is located and operated in Washington County, Maryland, within the jurisdiction of the Court. It was incorporated on or about October 1, 2003. Sowers Concrete's corporate charter was revoked as a result of its failure to pay state unemployment insurance taxes.

5. Defendant Vernon O. Sowers, resides in Washington County, Maryland. At all times relevant to this civil action, he was the co-owner and operator of Sowers Concrete, and was responsible for its operations.

6. Defendant Cindy J. Sowers a/k/a Cindy J. Blahut, resides in Washington County, Maryland. At all times relevant to this civil action, she was the co-owner and operator of Sowers Concrete, and was responsible for its operation.

**Facts**

**I.   Sowers Concrete's Federal Tax Obligation as an Employer**

7. At all times relevant to this action, Sowers Concrete had employees and, as an employer, was subject to the payroll tax obligations imposed by federal law, including the duties to:

   a. Withhold its employees' federal income and Federal Insurance Contributions Act (FICA) taxes, and pay over to the Internal Revenue Service (IRS) those withholdings, along with Sowers Concrete's own FICA and Federal Unemployment Tax Act (FUTA) taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301 and 3402;

   b. Make periodic deposits of the withheld federal income, Social Security and Medicare taxes, as well as its respective share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury

Regulations, *see* 26 U.S.C. §§ 6302 and 6157; and Treas. Reg. § 31.6302-1 (26 C.F.R.); and

c. File with the IRS its Employer's Quarterly Federal Tax Returns (Forms 941) and annual Employer's Federal Unemployment Tax Act Returns (Form 940), *see* 26 U.S.C. § 6011; Treas. Reg. § 31.6071(a)-1 (26 C.F.R.).

8. Under section 7501(a) of the Internal Revenue Code, the federal employment taxes that Sowers Concrete was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," 26 U.S.C. § 7501(a), and were not to be used for any other purposes, including the business operations of Sowers Concrete.

## II. Sowers Concrete's Noncompliance with its Federal Employment Tax Obligations.

9. Sowers Concrete has a long history, beginning in June of 2006, of violating the internal revenue laws by failing to timely file its employment tax returns and pay its employment taxes.

### a. Sowers Concrete's History of Untimely Filing Federal Tax Returns

10. Under the direction and control of Mr. and Mrs. Sowers, Sowers Concrete has violated the internal revenue laws by failing to timely file its federal employment tax returns.

11. Sowers Concrete has failed to file or timely file, Employer's Quarterly Federal (FICA) Tax Returns (Form 941) and Employer's Annual Federal Unemployment (FUTA) Tax Returns (Form 940) as shown below:

| Tax Type | Tax Period Ending | Date Tax Return Due | Date Tax Return Filed |
|---|---|---|---|
| WT-FICA (Form 941) | 03/31/2012 | 4/30/2012 | 02/18/2013-LATE |
| WT-FICA (Form 941) | 06/30/2012 | 07/31/2012 | 02/18/2013-LATE |
| WT-FICA (Form 941) | 12/31/2012 | 01/31/2013 | 03/25/2013-LATE |

3

| Tax Type | Tax Period Ending | Date Tax Return Due | Date Tax Return Filed |
|---|---|---|---|
| WT-FICA (Form 941) | 03/31/2013 | 04/30/2013 | 10/07/2013-LATE |
| WT-FICA (Form 941) | 06/30/2013 | 07/31/2013 | 10/07/2013-LATE |
| WT-FICA (Form 941) | 09/30/2012 | 10/31/2012 | 02/18/2013-LATE |
| WT-FICA (Form 941) | 09/30/2013 | 10/31/2013 | 10/13/2014-LATE |
| WT-FICA (Form 941) | 12/31/2013 | 01/31/2014 | 10/13/2014-LATE |
| WT-FICA (Form 941) | 03/31/2014 | 04/30/2014 | 10/13/2014-LATE |
| WT-FICA (Form 941) | 06/30/2014 | 07/31/2014 | 10/13/2014-LATE |
| WT-FICA (Form 941) | 09/30/2014 | 10/31/2014 | 06/15/2015-LATE |
| WT-FICA (Form 941) | 12/31/2014 | 01/31/2015 | 04/06/2015-LATE |
| WT-FICA (Form 941) | 03/31/2015 | 04/30/2015 | 12/14/2015-LATE |
| WT-FICA (Form 941) | 06/30/2015 | 07/31/2015 | 12/14/2015-LATE |
| WT-FICA (Form 941) | 09/30/2015 | 10/31/2015 | 08/29/2016-LATE |
| WT-FICA (Form 941) | 12/31/2015 | 01/31/2016 | 08/29/2016-LATE |
| WT-FICA (Form 941) | 03/31/2016 | 04/30/2016 | 11/14/2016-LATE |
| WT-FICA (Form 941) | 06/30/2016 | 07/31/2016 | 11/14/2016-LATE |
| WT-FICA (Form 941) | 09/30/2016 | 10/31/2016 | 04/30/2018-LATE |
| WT-FICA (Form 941) | 12/31/2016 | 01/31/2017 | 04/30/2018-LATE |
| WT-FICA (Form 941) | 03/31/2017 | 04/30/2017 | 04/09/2018-LATE |
| WT-FICA (Form 941) | 06/30/2017 | 07/31/2017 | 04/09/2018-LATE |
| WT-FICA (Form 941) | 09/30/2017 | 10/31/2017 | 04/09/2018-LATE |
| WT-FICA (Form 941) | 12/31/2017 | 01/31/2018 | 04/16/2018-LATE |
| WT-FICA (Form 941) | 03/31/2018 | 04/30/2018 | 09/10/2018-LATE |

| Tax Type | Tax Period Ending | Date Tax Return Due | Date Tax Return Filed |
|---|---|---|---|
| WT-FICA (Form 941) | 06/30/2018 | 07/31/2018 | 09/10/2018-LATE |
| WT-FICA (Form 941) | 09/30/2018 | 10/31/2018 | NO RETURN FILED |
| WT-FICA (Form 941) | 12/31/2018 | 01/31/2019 | NO RETURN FILED |
| WT-FICA (Form 941) | 03/30/2019 | 04/30/2019 | NO RETURN FILED |
| | | | |
| FUTA (Form 940) | 12/31/2011 | 01/31/2012 | 02/18/2013-LATE |
| FUTA (Form 940) | 12/31/2012 | 01/31/2013 | 04/08/2013--LATE |
| FUTA (Form 940) | 12/31/2013 | 01/31/2014 | 10/20/2014-LATE |
| FUTA (Form 940) | 12/31/2014 | 01/31/2015 | 05/11/2015-LATE |
| FUTA (Form 940) | 12/31/2015 | 01/31/2016 | 08/29/2016-LATE |
| FUTA (Form 940) | 12/31/2016 | 01/31/2017 | 03/26/2018-LATE |
| FUTA (Form 940) | 12/31/2017 | 01/31/2018 | 03/26/2018-LATE |
| FUTA (Form 940) | 12/31/2018 | 01/31/2019 | NO RETURN FILED |

b. **Sowers Concrete's history of failing to pay employment taxes.**

12. In addition to Sowers and Concrete's failure to timely file its federal tax returns, as indicated above, Sowers Concrete and Mr. and Mrs. Sowers have repeatedly failed to pay the taxes associated with those returns.

13. As the owners and operators of Sowers Concrete, Mr. and Mrs. Sowers are responsible for withholding federal employment taxes from the employees' wages and paying those taxes over to the IRS through monthly federal tax deposits, as well as paying its federal unemployment taxes.

14. Due to Mr. and Mrs. Sowers' failure to timely and adequately pay Sowers Concrete's employment taxes, a delegate of the Secretary of the Treasury assessed taxes and penalties against Sowers Concrete for the taxable periods set forth below:

| Assessment Type | Tax Period Ending | Date of Assessment | Outstanding Balance (as of 07/08/2019) |
|---|---|---|---|
| WT-FICA (Form 941) | 03/31/2012 | 02/18/2013 | $1,752 |
| WT-FICA (Form 941) | 09/30/2012 | 02/18/2013 | $2,705 |
| WT-FICA (Form 941) | 09/30/2013 | 10/13/2014 | $4,663 |
| WT-FICA (Form 941) | 12/31/2013 | 10/13/2014 | $16,020 |
| WT-FICA (Form 941) | 03/31/2014 | 10/13/2014 | $3,599 |
| WT-FICA (Form 941) | 06/30/2014 | 10/13/2014 | $21,816 |
| WT-FICA (Form 941) | 09/30/2014 | 06/15/2015 | $21,935 |
| WT-FICA (Form 941) | 12/31/2014 | 04/06/2015 | $19,096 |
| WT-FICA (Form 941) | 03/31/2015 | 12/14/2015 | $5,045 |
| WT-FICA (Form 941) | 06/30/2015 | 12/14/2015 | $15,270 |
| WT-FICA (Form 941) | 09/30/2015 | 08/29/2016 | $26,204 |
| WT-FICA (Form 941) | 12/31/2015 | 08/29/2016 | $24,400 |
| WT-FICA (Form 941) | 03/31/2016 | 11/14/2016 | $8,098 |
| WT-FICA (Form 941) | 06/30/2016 | 11/14/2016 | $14,293 |
| WT-FICA (Form 941) | 09/30/2016 | 04/30/2018 | $19,836 |
| WT-FICA (Form 941) | 12/31/2016 | 04/30/2018 | $15,248 |
| WT-FICA (Form 941) | 03/31/2017 | 04/09/2018 | $3,191 |
| WT-FICA (Form 941) | 06/30/2017 | 04/09/2018 | $15,923 |
| WT-FICA (Form 941) | 09/30/2017 | 04/09/2018 | $20,137 |

| Assessment Type | Tax Period Ending | Date of Assessment | Outstanding Balance (as of 07/08/2019) |
|---|---|---|---|
| WT-FICA (Form 941) | 12/31/2017 | 04/16/2018 | $16,210 |
| WT-FICA (Form 941) | 03/31/2018 | 09/10/2018 | $986 |
| WT-FICA (Form 941) | 06/30/2018 | 09/10/2018 | $6,650 |
|  |  |  |  |
| FUTA (Form 940) | 12/31/2011 | $329 | $329 |
| FUTA (Form 940) | 12/31/2012 | $184 | $184 |
| FUTA (Form 940) | 12/31/2013 | $2,520 | $2,520 |
| FUTA (Form 940) | 12/31/2014 | $210 | $210 |
| FUTA (Form 940) | 12/31/2015 | $267 | $267 |
| FUTA (Form 940) | 12/31/2016 | $288 | $288 |
| FUTA (Form 940) | 12/31/2017 | $309 | $309 |
| Total |  |  | $287,184 |

15. As a result of its failure to pay its employment taxes, Sowers Concrete is indebted to the United States in the amount of $287,184 as of July 8, 2019, plus statutory interest and penalties that may continue to accrue as provided by law.

### III.   The IRS's efforts to bring Sowers Concrete into compliance.

16. As owners and operators of Sowers Concrete, Mr. and Mrs. Sowers are responsible for its failure to timely file its federal tax returns and pay its federal tax liabilities.

17. Since 2008, the IRS has been attempting to bring the defendants into compliance with their employment tax deposit and payment obligations. The IRS's efforts have included:

   a. Recording Notices of Federal Tax Lien against Sowers Concrete for many of the relevant tax periods described in paragraph 14, above;

b. Levying on the bank accounts, which have returned minimal funds;

c. Issuing notices to Sowers Concrete with respect to unpaid balances owed for several quarterly periods, demanding payment and giving notice of the IRS's intent to levy to collect those unpaid federal taxes, as set forth in paragraph 14;

d. Having an IRS representative leave a copy of Form Letter 903 ("You Haven't Deposited Federal Employment Taxes"), to place Sowers Concrete on notice of the IRS's right to seek a civil injunction, in a sealed envelope at the Defendants' address on June 29, 2019.

18. These IRS administrative efforts to collect the federal employment taxes owed by Sowers Concrete have not prompted it to comply with its federal tax deposits and payment obligations, which it has continually failed to meet, resulting in ever-increasing (or the "pyramiding" of) its federal employment tax liabilities.

### Injunction under Internal Revenue Code Section 7402(a)

19. Under section 7402(a) of the Internal Revenue Code, 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

20. Defendants Sowers Concrete and Mr. and Mrs. Sowers, have substantially violated, and continue to violate and substantially interfere with the internal revenue laws by:

a. Continuously and/or repeatedly failing to collect or pay over to the IRS Sowers Concrete's employment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and

b. Continuously and/or repeatedly failing to make timely employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

21. An injunction by this Court ordering Defendants to comply with their federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and the prevention of continued violations, as Defendants continue to flout the federal tax laws and accrue further tax liabilities.

22. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Sowers Concrete. The IRS has exhausted its administrative abilities to compel Defendants to pay its tax liabilities and comply with the internal revenue laws.

23. As a result of Defendants' violation of federal tax statutes, the United States has suffered and will continue to suffer irreparable harm, including, but not limited to:

   a. The loss of its tax revenues, including the loss of the withheld employee income social security and Medicare taxes for which the employees of Sowers Concrete have already received credit;

   b. The drain on limited IRS administrative resources due to the required oversight of Sowers Concrete; and

   c. The harm to the federal tax system as a whole, when competitors and the public see Sowers Concrete's continued non-compliance with the very federal tax laws that they are following.

24. The foregoing injury to the United States outweighs any potential harm to Sowers Concrete and Mr. and Mrs. Sowers if an injunction is entered against them, as they will merely be compelled to comply with federal law by making timely employment tax deposits and timely filing its tax returns.

25. An injunction in this case will serve the public interest. The efficacy of the federal tax system relies upon employers to collect and remit federal employment taxes to the United States. Defendants' failure to make federal tax deposits undermines the system of collection because it gives Sowers Concrete an unfair economic advantage over competitors that comply with the law. Enjoining Defendants would protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting their wrongful practices.

26. In the absence of an injunction backed by the Court's contempt powers, Sowers Concrete and Mr. and Mrs. Sowers are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

WHEREFORE, the United States prays that the Court enter a permanent injunction ordering that the defendants, and each and every one of them:

A. Deposit the federal income taxes, and Social Security and Medicare (collectively, Federal Insurance Contributions Act or FICA) taxes that are required by law to be withheld from the wages of the employees of Sowers Concrete, in an appropriate federal depository bank, in accordance with federal deposit regulations;

B. Deposit the Federal Unemployment Tax Act ("FUTA") taxes owed by Sowers Concrete in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

C. Timely pay all outstanding federal tax liabilities due on each federal employment and unemployment tax required to be filed herein;

D. Provide proof to Revenue Officer Phillip Rogers, Internal Revenue Service, 1260 Maryland Avenue, Hagerstown, Maryland 21740, or such other IRS employee and location designated by the IRS, no later than the 20th day of each month, stating that the requisite deposits of withheld federal income tax, withheld FICA tax, employer FICA tax, and federal unemployment tax with respect to the employees of Sowers Concrete have been made in a timely manner;

E. Be prohibited from assigning any property or making any payments after an injunction is entered in this civil action until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS; and

F. Notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that the defendants may become involved with, including the imposition of affirmative duties upon Mr. and Mrs. Sowers to notify the IRS or a designated revenue officer of any new business they may come to own, manage, or work for in the next five (5) years.

Date: August 15, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Erin F. Darden*
ERIN F. DARDEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6501 (v)
202-514-6866 (f)
Erin.Darden@usdoj.gov